```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

EUGENIA C. MILLING,            }
                               }
     Plaintiff,                }
                               }      CIVIL ACTION NO.
v.                             }      05-AR-2376-S
                               }
BOARD OF TRUSTEES OF THE       }
UNIVERSITY OF ALABAMA, d/b/a/  }
UAB                            }
                               }
     Defendant.
```

## MEMORANDUM OPINION

On February 22, 2007, the court granted the motion for summary judgment filed by defendant, Board of Trustees of the University of Alabama, d/b/a/ UAB ("UAB"). The pertinent facts are set forth in the court's memorandum opinion that accompanied that order.

On March 5, 2007, plaintiff, Eugenia C. Milling, moved for reconsideration of rgw February 22, 2007 memorandum opinion and order. The court granted Milling's motion in order to give heran opportunity to react to the basis upon which the court dismissed her Title VII retaliation claim, namely, that there was no evidence that she had engaged in statutorily protected activity. *See* Mem. Op. dated Feb. 22, 2007 (Doc. No. 20), at 17-20. The court reopened the case for the limited purpose of permitting UAB to supplement its motion for summary judgment to present and support this previously unraised issue, and then to allow Milling to respond to it. Although the court clearly instructed the parties only to address this one narrow issue, Milling has filed a motion

for leave to amend her complaint to add a new cause of action under Title IX of the Education Amendments of 1972.[1]  Her intent, obviously, is to circumvent an otherwise fatal defect.

## I. UAB's Supplemental Motion for Summary Judgment

Although the court vacated its February 22, 2007 ruling in order to give Milling the opportunity, if she could, to demonstrate how she might establish her *prima facie* case of retaliation in violation of Title VII, the court is not precluded from again granting UAB's summary-judgment motion for the reason the court employed *sua sponte*.  The Eleventh Circuit has made it clear that "where a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is appropriate even if no formal notice has been provided."  *Artistic Entm't v. City of Warner Robins*, 331 F.3d 1196, 1201 (11th Cir. 2003).  By the time the court issued its February 22, 2007 opinion, discovery in this case had closed, and the court had before it the relevant portions of the evidentiary record.  The court was aware, from Milling's complaint and from her response to UAB's motion for summary judgment, of all of Milling's conduct against which UAB possibly could have retaliated.  With respect to the particular reason the

---

[1] Milling attempts to add a claim for retaliation against UAB under "Title IX of the Act of Congress commonly known as the Civil Rights Act of 1964."  *See* Proposed Am. Compl. (Doc No. 24, Ex. A), at ¶ 1.  The court is unfamiliar with this statutory framework, and presumes that Milling meant to add a claim for retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. That law states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

court granted summary judgment on Milling's retaliation claim, only questions of law remained. Although the court reopened the case to allow Milling to respond to this specific reason, the court would not have abused its discretion if it had summarily denied Milling's motion for reconsideration.

In her response to UAB's supplemental motion for summary judgment, Milling presents no evidence or argument that persuades the court to alter the conclusion it reached on February 22, 2007. Milling argues that a plaintiff's incorrect belief that she engaged in conduct protected under Title VII must be both reached subjectively in good faith and be objectively reasonable in order for her to sustain a claim for retaliation, *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997). However, Milling furnishes no authority to support her contention that her belief met these requirements. Not only has the court already stated the reasons that Milling's belief was not objectively reasonable, *see* Mem. Op. dated Feb. 22, 2007 (Doc. No. 20), at 19, but UAB now offers a case that is instructive with respect to the essential "good faith" component of Milling's claim. In *Kuzler v. Canon, USA, Inc.*, the Eastern District of New York explained that "the 'good faith' component of a retaliation claim is satisfied only if the conduct complained about is plainly an employment practice, whether or not that practice is engaged in by individuals who stand in an employment relationship with the

plaintiff." 257 F. Supp. 2d 574, 583 (E.D.N.Y. 2003). That court went on to explain that when the harassment complained of is directed at individuals who are not in an employment relationship with the alleged perpetrator, the plaintiff cannot show that she has a subjective, good-faith belief that she engaged in protected conduct. *Id.* Here, the only arguable "discrimination" about which Milling says she complained to UAB was the sexual harassment which assistant-coach Jonath Nicholas allegedly directed at non-employee members of the women's basketball team. Milling did complain to UAB about certain other behavior in which Nicholas engaged, but none of that other behavior can reasonably be characterized as a form of "discrimination" that could even arguably implicate Title VII. Accordingly, Milling's purported belief that she had engaged in statutorily protected conduct was neither subjectively in good faith nor objectively reasonable.

If Milling *could* establish that she engaged in statutorily protected conduct, there might be sufficient evidence for Milling to establish a *prima facie* case of retaliation in violation of Title VII. But although the court did not discuss it in its February 22, 2007 opinion, there is another reason that UAB's motion for summary judgment is due to be granted. UAB points out that there is no evidence to discredit its proffered, legitimate reason for firing Milling — i.e., that Milling had an unsatisfactory won-lost record and that she had lost control and

4

the respect of her team members — and the court agrees. *See Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 591 (11th Cir. 2000) (explaining that a defendant is entitled to judgment as a matter of law if the plaintiff provides no evidence that could challenge the defendant's articulated, legitimate reason for the adverse employment action and prove it to be a pretext for unlawful retaliation). Milling attempts to establish pretext by pointing to UAB's alleged failure to respond adequately to her allegations of sexual harassment against Nicholas, to UAB's alleged disparate treatment of her vis-à-vis male coaches and administrators, and to her contention that Brown was angry at her for raising the allegations of sexual harassment against Nicholas. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. (Doc. No. 16), at 25-30. The first two are merely recycled arguments from Milling's gender-discrimination claim, and the court can see no way that either can legitimately discredit UAB's legitimate reason for the employment action. The third allegation, if true, cannot prove pretext because it would more likely cause UAB *not* to terminate Milling, as opposed to the reverse. Assuming *arguendo* that Brown was upset with Milling for lodging sexual-harassment allegations against Nicholas, common sense suggests that Milling would be more likely to disclose the allegations against Nicholas to the media if UAB fired her (because she would have nothing to lose by making the disclosure) than if it retained her (because she would not want to jeopardize her

relationship with her present employer).  Accordingly, Milling offers no evidence on which she can base her claim that UAB's legitimate reason for firing her was a pretext for retaliation in violation of Title VII.

**II. Milling's Motion for Leave to Amend Her Complaint**

Although a private right of action for retaliation under Title IX of the Education Amendments of 1972 exists, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 125 S.Ct. 1497 (2005), Congress did not specify a limitations period in the text of the statute.  The limitations period for bringing a retaliation claim under Title IX should therefore be derived from the most closely analogous statute of the state in which the action is brought. *Moore v. Greenwood School Dist. No. 52*, 2006 WL 2385268, at *2 (4th Cir., Aug. 18, 2006).  The relevant statute in Alabama is Ala.Code 1975, § 6-2-38(l), which states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."  This statute is applicable because it governs an employee's Alabama tort claim for battery against her employer resulting from alleged sexual harassment.  *Simmons v. Mobile Infirmary Medical Center*, 391 F.Supp.2d 1124, 1131 (S.D. Ala. 2005).  Although the tort of battery is not perfectly analogous to retaliation in violation of Title IX, the court knows of no other state-law claim that is a better fit.  The limitations period for

6

initiating an action for retaliation under Title IX is therefore two years after the last allegedly retaliatory act.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, the court need not allow amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party, or (3) where amendment would be futile. *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Putting aside the obvious prejudice to UAB that inheres with permitting Milling to amend her complaint well over a year after the action was filed, more than four months after the once-extended discovery cutoff date, and after the court granted UAB's motion for summary judgment and then re-opened the action to address only one narrow and limited issue, any amendment to Milling's complaint would be futile. Milling says that "[t]he factual basis for this allegation of retaliation under Title IX is exactly the same as the factual basis for the plaintiff's allegation of a violation of Title VII." Pl.'s Mot. to Am. Compl. (Doc. No. 24), at ¶ 3. She therefore would not disagree that the last allegedly retaliatory act took place when UAB terminated her employment on March 10, 2004. Milling did not request leave to amend her complaint to add a claim for retaliation in violation of Title IX until March 12, 2007, more than three years after this

last allegedly retaliatory act.  Moreover, as discussed above, Milling cannot sustain any type of claim for retaliation because there is no evidence to discredit the legitimate reason offered by UAB for terminating her.  Even if the court were to permit Milling to amend her complaint, such amendment would be futile.

To the extent Milling contends that her original complaint should have put UAB on notice of a possible Title IX claim, the court respectfully disagrees.  The United States Supreme Court has explained that "Title VII . . . is a vastly different statute from Title IX."  *Jackson*, 544 U.S. 167 at 175.  Milling did not allege facts in her original complaint that would put UAB on notice that it might be liable under this "vastly different statute."  Indeed, it appears that Milling herself might not know exactly what additional claim she is trying to assert against UAB.  *See supra* note 1.  For this reason, and because adding an express claim for relief under Title IX would be futile, and due to the prejudice to UAB that would result from permitting Milling to add this new claim, the court will deny Milling's motion to amend her complaint.

DONE this 26th day of March, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE